## SWINEHART TIRE & RUBBER CO. v. WILLIAM WHITMAN CO.

(Circuit Court of Appeals, Sixth Circuit.   June 8, 1920.)

### No. 3373.

1. **Sales 99, 174—Where a buyer defaulted, seller may cancel contract and refuse further deliveries.**

   Where the buyer failed to make payments when due under contract for sale, deliveries to extend over a considerable time, and the defaults were substantial, the seller may, there being no modification or agreement for delay in delivery, cancel the contract and refuse further deliveries.

2. **Sales 89—Buyer asserting modification has burden of proof.**

   In an action by a seller for amounts claimed due under contract, where the buyer filed a cross-petition asserting damages for nondelivery, the buyer has the burden of proving an alleged modification of contract as to terms of payment and delivery.

3. **Sales 89—Finding of no modification held supported by evidence.**

   In an action for amounts due under contract of sale, where the buyer set up the seller's alleged breach in refusing to make further deliveries, verdict for the seller, finding that there was no modification of the terms of the contract as to payment or delivery, *held* warranted.

4. **Evidence 71—Statement received in due course of mail presumed in recipient's possession.**

   In an action for sums due under contract of sale, it is presumed that a statement as to the application of payments made by the defendant buyer, received by defendant in due course of mail, was in its possession.

5. **Evidence 75—Failure to produce statement warrants inference that it was of such character as contended by plaintiff.**

   Where plaintiff, the seller, mailed defendant a statement as to the application of a payment, the jury is warranted in inferring, as defendant, which presumptively had possession of the statement, failed to produce it, that the statement showed application according to plaintiff's contention; no direction having been given.

6. **Pleading 127(2)—Admissions in answer as to indebtedness construed.**

   In action on separate contracts of sale, defendant's admission as to the value of the goods furnished and the amount of interest alleged in the petition was an admission of indebtedness on the various items embraced in the petition, though defendant asserted a payment should have been applied to particular items, for, if so applied, no interest would be due.

7. **Sales 359(3)—Evidence insufficient to show payment.**

   In view of the admission in its pleading, and the fact that there was no direction as to application of a payment which, defendant asserted, should have been applied to particular contracts, and it appearing there was no objection to the application made, which plaintiff contended was communicated to defendant, a finding the amounts claimed were due *held* warranted.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by the William Whitman Company against the Swinehart Tire & Rubber Company, which filed a cross-petition.   Judgment for plaintiff, and defendant brings error.   Affirmed.

Frank H. Pelton, Treadway & Marlatt, and Frank H. Pelton, all of Cleveland, Ohio, for plaintiff in error.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

E. A. Foote, of Cleveland, Ohio (Cook, McGowan, Foote, Bushnell & Lamb, of Cleveland, Ohio, on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. In December, 1916, and at other dates prior to July 1, 1917, the William Whitman Company entered into six separate contracts with the Swinehart Tire & Rubber Company, by the terms of which contracts it agreed to furnish to the Swinehart Company, in monthly installments, certain quantities and kinds of cotton fabrics to be used in the manufacture of automobile tires. These contracts were substantially identical in terms, except as to the date, the kind and quantities of fabric to be furnished, and the price to be paid therefor. It was specifically provided that payment should be made on the 10th of each month for all deliveries made in the preceding month.

In pursuance of these contracts the William Whitman Company did, upon the order of the Swinehart Tire & Rubber Company, ship from time to time a portion of the fabrics covered by each of these contracts. The Swinehart Tire & Rubber Company made some payments upon account, but in October, 1917, it was indebted to the William Whitman Company for goods furnished under these several contracts in the sum of $40,350.64, all of which was past due. No other goods were delivered by the William Whitman Company under these contracts, and no request for such delivery was made by the Swinehart Tire & Rubber Company until April 20, 1918.

On November 16, 1917, the Swinehart Company paid upon account the sum of $15,000, and on April 20, 1918, it made a further payment of $10,000, and on that date requested the delivery of 10,000 pounds of "combed peeler fabric." The William Whitman Company refused to fill this order or to make any other or further shipments on any of the six contracts. No further payments being made, the William Whitman Company brought action to recover the balance due it for deliveries made under these contracts.

The petition contains six separate causes of action. Each cause of action asks judgment for the unpaid balance of the contract price of goods furnished by it under one of the six separate contracts, with interest thereon from the date the same became due and payable.

To this petition the defendant, the Swinehart Tire & Rubber Company, filed its answer and cross-petition. The cross-petition contains six separate cross-causes of action for damages for breach of contracts by the William Whitman Company in failing, neglecting, and refusing to furnish to it the amount of fabric covered by each and all of these contracts. It is also averred in each of these several cross-causes of action that:

"On October 31, 1917, it was mutually agreed by and between the plaintiff and the defendant that the terms of delivery under said contract should be extended to such time as the defendant should be able to reduce its indebtedness to plaintiff and should notify the plaintiff that it was ready to pay for same on delivery thereof. Defendant did reduce its indebtedness to plaintiff and on April 20, 1918, requested plaintiff to ship under said contract."

The defendant also averred that it had paid in full for all goods specified in plaintiff's first and third causes of action.

The plaintiff, in its answer to this cross-petition, admitted that it had refused to deliver to the defendant, under either of the contracts set forth in the several cross-causes of action of the cross-petition, any goods in excess of the quantities as alleged in the petition and further answering averred that:

"It did not make any further deliveries under any of said contracts because of the breach of each of said contracts by defendant through its failure, though often requested so to do, to pay according to the terms of said contracts for the goods theretofore delivered thereunder, as in the petition alleged."

The plaintiff also denied that it had made any agreement with the defendant extending the terms of the delivery of goods under any·of said contracts, and denied each and every other allegation in the several causes of action in the cross-petition contained.

The jury found on the issue joined on the petition for the plaintiff in the amount claimed therein, and on the issue joined on the cross-petition of the defendant the jury found for the plaintiff and judgment was entered accordingly. It is claimed on the part of the plaintiff in error that this judgment is not sustained by any evidence and that it is contrary to law.

[1] It is admitted by the defendant that it failed to pay on the 10th of each month for the goods furnished it by the plaintiff in the preceding month as required by the terms of each of these contracts, and that in October, 1917, it was then indebted to plaintiff in the sum of $40,-350.64, all of which was past due. In view of this substantial default in payment, and in the absence of any modification of the original contract or any supplemental agreement between the parties for delay in deliveries and payment, the·plaintiff would have the right to cancel and annul these contracts and refuse to make further deliveries thereunder.

[2, 3] The burden was upon the defendant to establish by a preponderance of the evidence that there was such an agreement modifying the terms of the written contract as to delivery and payment, as averred in its cross-petition. The president, secretary, and cashier of the defendant company testified that such an·agreement was made on the 31st day of October, 1917, at the factory of the defendant, between Mr. Walsh, representing the defendant, and Mr. Frank C. Chamberlain, representing the plaintiff. Mr. Chamberlain denied that he made any such arrangement or agreement, but, on the contrary, testified that at the time and place named the defendant then agreed with him to pay one-half of the overdue account, at that time amounting to $40,350.64, on or before November 15, 1917, and the balance on or before December 15, 1917.

The plaintiff also introduced in evidence its letter, dated November 16, 1917, directed to Mr. Walsh, president of the defendant company (Plaintiff's Exhibit No. 28), which reads in part as follows:

"Permit us to call your attention to overdue account of $40,350.64, as per statement herewith, and to remind you of your promise to the writer, when he

called at your plant on October 31st, that one-half of the account would be paid by November 15th and the balance by December 15th. We have not received the first payment."

Also a letter, dated November 20, 1917, from the plaintiff to the defendant, acknowledging the receipt of defendant's check for $15,000 (Plaintiff's Exhibit No. 29), of which letter the following paragraph is a part:

"Your remittance of $15,000 did not cover one-half of the overdue account which you agreed to pay by November 15th, and we would therefore request an additional remittance at this time to complete the agreed payment."

It does not appear from the record that defendant replied to either of these letters, or in any way questioned the correctness of the statement therein made. On the contrary, it wrote a letter to the plaintiff, under date of November 16, 1917 (Defendant's Exhibit No. 12), which reads in part as follows:

"We inclose herewith our check on Cleveland, which you can use at par, for fifteen thousand dollars ($15,000). This is substantially the amount we agreed to send at this time, when your representative was here a couple of weeks ago."

In view of the statements contained in these letters in reference to the agreement made between Mr. Walsh and Mr. Chamberlain at the defendant's factory on October 31, 1917, and the positive evidence of Mr. Chamberlain that no other or further agreement was made in reference either to delivery or to payment, this court cannot say that the verdict of the jury upon this issue is not sustained by any evidence.

[4-7] It is further insisted upon the part of the plaintiff in error that it had paid in full the amounts claimed to be due on the first and third causes of action, and therefore it was not in default as to these two contracts at the time plaintiff notified it that it would refuse to ship any goods on any of the six contracts. This contention is based upon the proposition that the plaintiff did not properly apply the payment of $15,000 made November 16, 1917, but, on the contrary, wrongfully and unlawfully applied this payment partly on the August account and partly on the September account, instead of applying it all upon the August account. The defendant, when it made this remittance, did not designate how the same should be applied, but in its letter of November 16, 1917, in which letter the $15,000 check was inclosed, this paragraph appears:

"To assist us in checking out your account, we wish that you would mail an itemized statement, showing all open items, together with payments that have been made on account."

Plaintiff's letter of November 20, 1917, to the defendant, acknowledging the receipt of this $15,000 check, contains the following paragraph:

"Complying with your request, we send you herewith itemized statement, showing all open items, together with payments that have been made on account."

The plaintiff does not deny that it received this statement. On the contrary, Mr. Gardner, cashier of the defendant, testifies:

"I don't recall now if I got that statement back that was addressed to me by the Whitman Company. I think I saw this letter (dated November 20th, marked Plaintiff's Exhibit 29). I cannot say as to whether I turned it over to Mr. Walsh."

This statement was not introduced in evidence. If it differed in any respect from the statements of account contained in plaintiff's petition, it would have tended to prove that the application of this payment of $15,000 to the August and September accounts was not in fact made by the plaintiff at the time it received the check, but after this dispute had arisen, and for the purposes of this litigation.

On the other hand, if this statement then forwarded to the defendant corresponded with the statement in the plaintiff's petition, and the defendant acquiesced therein, it cannot now be heard to complain. It clearly appears from the evidence that this statement reached the defendant in due course of mail. The presumption obtains that it was in the possession of the defendant at the time of the trial of this cause. It was the duty of the defendant to introduce this statement in evidence, or offer some satisfactory reason for its failure to do so; otherwise, the jury had a right to presume that it coincided exactly with the statements of accounts in the plaintiff's petition. The charge of the court clearly states the law applicable to this issue. The uncontradicted evidence that the plaintiff, immediately after the receipt of this check for $15,000, furnished to the defendant an "itemized statement showing all open items," and the failure of the defendant to introduce this statement in evidence, or explain by evidence its inability to do so, fully sustains the verdict of the jury that the application of this payment was made by the plaintiff at the time it received the defendant's check.

The plaintiff also introduced in evidence paragraph 1 of the stipulation and agreement entered into by counsel at the time of the trial of this cause, which paragraph reads as follows:

"That the tire fabric, of the agreed value of $17,520, with the amount of interest as alleged in the petition, was delivered by plaintiff to defendant, and not paid for by defendant."

The petition of plaintiff asks judgment for $1,101.70 on its first cause of action, with interest on that amount from August 10, 1917. On its third cause of action it asks judgment for $198.72, with interest on that amount from August 10, 1917.

The admission of the value of the fabric furnished by plaintiff to defendant, and not paid for by the defendant, "with the amount of interest as alleged in the petition," necessarily admits that the defendant is indebted to plaintiff on these two August amounts, upon which it seeks in its petition to recover interest, for if these two items had been paid, as claimed by the defendant, then, of course, no interest would be due thereon, but whatever interest would be due to plaintiff would be reckoned from a date other than as stated in the petition.

For the reasons stated, the judgment of the District Court is affirmed.